UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : No. 23-CR-166 (DLF) |
| FIROZ PATEL, | : |
| Defendant. | : |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

### I.   Summary of the Plea Agreement

As set forth in the attached plea agreement, Defendant Firoz Patel (hereinafter referred to as "Defendant" or "PATEL") agrees to accept responsibility and plead guilty to Count One of the attached Information, charging Defendant with Obstruction of an Official proceeding, in violation of Title 18, United States Code, Section 1512(c)(1).

### II.   Elements of the Offenses

The essential elements of the offense of the offense of Obstruction of Justice, in violation of Title 18, United States Code, Section 1512(c)(1), each of which the government must prove beyond a reasonable doubt to sustain a conviction, are:

1. The defendant altered, destroyed, mutilated, or concealed, or attempted to alter, destroy, mutilate, or conceal, a record, document, or other object,

2. The defendant acted knowingly,

3. The defendant acted corruptly, and

4. The defendant acted with the intent to impair the object's integrity or availability for use in an official proceeding

### III.  Statement of Facts

Pursuant to Federal Rule of Criminal Procedure 11, the United States and the Defendant, with the concurrence of Defendant's attorney, stipulate and agree that the following facts are true and accurate. These facts do not constitute all facts known to the parties concerning the charged offenses and covered conduct. This statement is being submitted by the parties to demonstrate that sufficient facts exist to establish that Defendant committed the offenses to which he is pleading guilty.

<u>PATEL's Prosecution and Conviction for His Conduct Related to Operating Payza</u>

In or around 2012, PATEL founded a company named Payza, an internet-based money transmitting business. PATEL served as the Executive Vice President of Payza and was the most senior person at the company during the course of its existence.

Throughout Payza's existence, the company partnered with various money services businesses, such as OboPay in 2012, another online money services business.

During this time, Payza hosted money laundering services and Ponzi schemes on its site. At PATEL's direction, merchants were not removed from Payza's platform for being involved in high-risk activities such as Ponzi schemes. The criteria for customer removal was focused on whether the merchants posed a financial risk to Payza, i.e., the merchant had a high chargeback rate from failed transactions for which Payza then had to compensate its customers.

Payza had numerous merchants that were cyclers, which PATEL knew to be Ponzi/pyramid schemes. PATEL and others sanitized customer lists, removing known illegal merchants, before producing that information to third parties requesting customer information. During this time, Payza did not have a Bank Secrecy Act officer, nor did it conduct legally required Bank Secrecy

2

Act/anti-money laundering audits. Payza also operated in the United States at various times without registering with FinCen or state authorities.

In or around 2014, Payza began accepting and processing payments through bitcoin ("BTC") and other virtual currencies. Payza charged customers a varying fee for processing BTC transactions. PATEL, through Payza, generated and obtained significant profits in the form of BTC holdings.

On March 8, 2018, a federal grand jury in the District of Columbia returned a four-count Indictment charging defendant PATEL and others Conspiracy to Commit an Offense Against the United States, in violation of Title 18, United States Code, Section 371 (Count One); Conspiracy to Launder Monetary Instruments, in violation of Title 18, United States Code, Section 1956(h) (Count Two); Operation of an Unlicensed Money Transmitting Business, in violation of Title 18, United States Code, Section 1960(a) (Count Three) and Money Transmission Without a License, in violation of Title 26 District of Columbia Code, Section 1002 (Count Four). *See* Criminal Case Number 18-CR-53 (KBJ).

On July 16, 2020, defendant PATEL pled guilty, pursuant to Count One of an Information filed in Case No. 18-CR-53 (KBJ) charging him with Conspiracy to Commit an Offense Against the United States, in violation of Title 18, United States Code, Section 371. PATEL's admissions of fact in the statement of offense – which he agreed was accurate in entering his guilty plea – as well as his plea agreement and the associated forfeiture orders are all incorporated by reference here. As part of the plea agreement, PATEL agreed to forfeit any property involved in the offense to which he pleaded guilty, as well as any property traceable to the offense. PATEL further agreed to take all necessary actions to identify all assets over which

he exercised interest or control, directly or indirectly, at any time since November 2012.

## Offense Conduct

Beginning in or around July 21, 2020, PATEL began producing documents and records to the United States Probation Office to complete his presentence investigation report. These documents included PATEL's net worth and held assets.

On October 27, 2020, in response to a questionnaire asking him to identify all of his assets, PATEL transmitted an e-mail to a United States Probation officer in the District of Columbia asserting that, "I have nothing to my name anymore. After these charges, I lost access to all...I have only $30,000 from a Registered Retirement Savings Plan." PATEL further claimed to have $14,834,312.00 in tax liabilities to Canada.

On October 31, 2020, PATEL completed and initialed his name on a "Net Worth Statement" accounting for his net worth and claimed to have no assets, no anticipated assets, no trust assets, no business holdings, no bank accounts, no transfer assets, nor any assets to liquidate. PATEL attested to the accuracy of this information.

In November 2020, PATEL was sentenced in connection with Case No. 18-CR-53.

Beginning in or around December 2020, PATEL began consolidating yet to be identified illicit Payza proceeds in his virtual currency account with Binance, accumulating at least 500 Bitcoin ("BTC") in his account by April 2021.

On or around April 22, 2021, Binance informed PATEL that he had violated their terms of service after it was flagged by a third-party compliance tool and provided him three days to withdraw all funds from Binance before deactivating his accounts.

On April 25, 2021, PATEL created a virtual currency wallet on Blockchain.com in the

4

name of his father, listing an address in Belize.

From in or around April 2021 and continuing through June of 2021, PATEL and others accessed computer servers in the United States, Canada, and India to access and perform transactions in this Blockchain.com account.

On or about April 27, 2021, PATEL accessed a computer server based in the United States through a VPN connection in order to transfer at least 450 BTC from his Binance account into the Blockchain.com account registered in his father's name.

On April 30, 2021, PATEL received an e-mail from Blockchain.com requesting "Know Your Customer" ("KYC") verification information and requesting proof of the source of the funds deposited on April 27, 2021. PATEL in turn sent this request to a business associate, V.T., and asked them to respond to the request.

On or around April 30, 2021, either PATEL or someone assisting PATEL, identified themself as V.T. in a conversation with Blockchain.com and claimed that PATEL's father had initially created the Blockchain.com account. This individual further stated that the Blockchain.com account had been accessed from Canada, the United States, and India. This individual finally claimed that the BTC deposited in the account, in the name of PATEL's father, was loaned to him for the purpose of earning interest.

In June 2021, either PATEL or someone assisting PATEL contacted Blockchain.com, identifying himself as V.T. while attempting to obtain access to his 450 BTC or more.

On or about June 2, 2021, PATEL contacted Blockchain.com and stated "If this is about me, then realize that I am not beholden to any actions by the USA or any other government authorities. I have paid my dues and I owe nothing to anybody."

5

On or about June 11, 2021, PATEL reported to the Bureau of Prisons and began serving his sentence in 18-CR-53 (KBJ), for conspiring to operate an unlicensed money services business and to launder monetary instruments.

On or about June 18, 2021, V.T. began attempting to withdraw funds from the Blockchain.com account created by PATEL.

On or about June 22, 2021, V.T. attempted to confirm his identity with Blockchain.com by providing his name, date of birth, e-mail address, and physical address in India. In response to Blockchain.com stating that the e-mail and physical address provided were different than the account information, V.T. provided PATEL's e-mail address and PATEL's home address in Canada.

The actions taken by PATEL and his associates were designed to corruptly conceal records and documents relating to his ownership of 450 BTC, with the intent to impair their availability for use in official proceedings, specifically the forfeiture and sentencing proceedings in 18-CR-53 (KBJ). PATEL accomplished this by concealing records and documents establishing the existence of the 450 BTC and his ownership over said assets. This concealment was done in violation of his obligations pursuant to the plea agreement executed in 18-CR-53 (KBJ). PATEL further concealed these records and documents by failing to disclose their existence to the United States Probation Department. PATEL instead provided materially false information to the United States Probation Department. PATEL took these concealment and obfuscation measures because these crypto-assets were, and still are, subject to forfeiture in 18-CR-53 (KBJ).

The 450 Bitcoin were proceeds of the § 371 offense to which PATEL pled guilty in

Criminal Case Number 18-CR-53 and were also proceeds of the § 1512(c)(1) offense to which PATEL is pleading guilty in this case.

Respectfully Submitted

MATTHEW M. GRAVES
United States Attorney

By: _____
Kevin Rosenberg
Assistant United States Attorney

_____
Jonas Lerman
Trial Attorney
Criminal Division, CCIPS
U.S. Department of Justice

## DEFENDANT'S ACKNOWLEDGMENT

I have read the Statement of Offense setting forth the facts related to my guilty plea. I have discussed this proffer fully with my attorneys, James M. Trusty, esq. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date:_____            _____
                                Firoz Patel

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the Government's proffer of evidence related to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: _____           _____
                                James M. Trusty, Esq.
                                Counsel for Defendant